COBB, Judge,
concurring specially.
I concur in the result reached by the majority, but I believe that to conclude that the appellant did obstruct governmental operations, the majority must distinguish this ease from Strange v. Tuscaloosa, 652 So.2d 773 (Ala.Cr.App.1994). In Strange, this court overturned a conviction for interfering with police officers, finding that their search of the appellant’s home without her consent was a violation of her Fourth Amendment rights and citing Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978).
In this case, the warrantless search by the police fell within one of the well-recognized exceptions set out in Strange. See also Wayne v. United States, 318 F.2d 205, 212 (D.C.App.1963), (Washington, J., concurring), cert, denied, 375 U.S. 860, 84 S.Ct. 125, 11 L.Ed.2d 86 (1963) (“Acting in response to reports ... the business of policemen ... is to act, not to speculate or meditate on whether the report is correct. People could well die in emergencies if police tried to act with calm deliberation associated with the judicial process.”).
Unlike the Strange case, where an adult was at the house when the police arrived, the potential danger to the children alone in this home was sufficient not only to justify a warrantless search, but to require it.